# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Ennis R. Patterson,** | ) | **CASE NO. 1:19 CV 1524** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **State of Ohio,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Ennis Patterson, a state prisoner, brings this action against the State of Ohio pursuant to 42 U.S.C. § 1983. Doc. 1. For his claims, Plaintiff asserts eleven items concerning his confinement by the State of Ohio which he contends violate the Eighth Amendment's prohibition against cruel and unusual punishment.

For the reasons that follow, this action is dismissed.

## BACKGROUND

Plaintiff identifies eleven items that "inmates"[1] in Ohio custody "are made to endure" and which he claims violate his right under the Eighth Amendment of the United States

---

[1] To the extent that Plaintiff is attempting to assert claims on behalf of inmates other than himself, those claims are dismissed. As a *pro se* prisoner, Plaintiff may only represent himself and may not act on behalf of other prisoners. *See Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, at *1 n.3 (E.D. Mich. June 16, 2008) (collecting cases).

Constitution to be free from cruel and unusual punishment. Doc. 1-2. These items are as follows: (1) lack of proper nutrition, including insufficient amounts of fruits, grains, and vegetables; (2) confinement at the Belmont Correctional Institution ("BCI") in Belmont, Ohio, which is a three hour drive from his city of residence in Cleveland; (3) confinement in a "freezing cold cell" while incarcerated at the Lorain Reception Center ("LRC"); (4) false accusations of bizarre and disobedient behavior while incarcerated at LRC; (5) inadequate and unsanitary bathroom and shower facilities at BCI; (6) lack of "thermal wear" during winter months; (7) overcrowding at BCI; (8) pervasive presence of drugs and homemade liquor; (9) verbal abuse and violence between prisoners in two pods at the Corrections Reception Center in Orient, Ohio; (10) improper dental care; and (11) insufficient oversight of the commissary contractor at BCI, which sells outdated food at a discount. Doc. 1-2. For relief, Plaintiff seeks $600,000.00 in compensatory damages. Doc. 1 at 5.

**STANDARD OF REVIEW**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Patterson seeks to proceed with this action *in forma pauperis*. Doc. 4. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review all *in forma pauperis* actions, and to

dismiss before service any complaint that the Court determines is frivolous, malicious, fails to state a claim for relief upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In order to withstand scrutiny under §1915(e)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). *Id.* at 471 (internal quotation marks and citation omitted).

**DISCUSSION**

Patterson brings his claims pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (citation omitted). It is well-established that the only named defendant–the State of Ohio–is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Therefore, Plaintiff fails to state a plausible § 1983 claim for relief against the State of Ohio.

In addition, the State of Ohio is immune from suit under the Eleventh Amendment unless the State of Ohio has consented to suit, or the State's Eleventh Amendment immunity has been abrogated by Congress. When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Id*. Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its immunity to suit in § 1983 cases). Accordingly, the State of Ohio is immune from suit and the Court lacks subject matter jurisdiction over this case. *See Thomson v. Ohio State Univ. Hosp.*, 5 F. Supp. 2d 574, 576 (S.D. Ohio 1998) ("[T]he Eleventh Amendment to the United States

Constitution prevents a federal court from entertaining a suit brought by a citizen against his own state.") (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)), *aff'd*, 238 F.3d 424 (6th Cir. 2000); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction").

**CONCLUSION**

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 10/15/19